**Tito Reynery LOPEZ–GODINEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

Nos. 06–74728, 08–70614.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 29, 2009.

J. Oscar Shaw, Esquire, Las Vegas, NV, for Petitioner.

David E. Dauenheimer, Esquire, Robbin Kinmonth Blaya, Esquire, Andrew Jacob

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oliveira, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Tito Reynery Lopez–Godinez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and due process claims. *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1136 (9th Cir.2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Lopez–Godinez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005). Contrary to Lopez–Godinez's contention, the BIA did not make alternate findings of fact, but rather properly reviewed de novo the IJ's hardship determination. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

We also lack jurisdiction to review the BIA's denial of Lopez–Godinez's motion to remand, which introduced further evidence of hardship to his United States citizen children. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) ("Section 1252(a)(2)(B)(i) ... bars jurisdiction where the question presented is essentially the same discretionary issue originally decided."). It follows that we lack jurisdiction to review Lopez–Godinez's contention that the BIA failed to explain adequately its reasons for denying the motion to remand. *See id.* at 603–04.

Lopez–Godinez's contention that the agency erred and violated due process by not having the IJ consider the new evidence in the first instance is unavailing.

We lack jurisdiction to review the petition in No. 06–74728 because the IJ's August 31, 2006 order was not a final order of removal. *See* 8 U.S.C. §§ 1101(a)(47)(B) & 1252(b)(9).

In No. 06–74728, **PETITION FOR REVIEW DISMISSED.**

In No. 08–70614, **PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.